SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
TARA WILCOX, Cal. Bar No. 157015
MATTHEW S. MCCONNELL, Cal. Bar No. 209672
12775 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  (858) 720-8900
Facsimile:    (858) 509-3691

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSEBEE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[Los Angeles County Superior Court, Antelope Valley Courthouse, Case No. MC026581]<br><br>Complaint Filed:  August 29, 2016 |

SMRH:479163782.1                                     NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of <u>Gary Sosebee v. Costco Wholesale Corporation and DOES 1 through 50</u> (Los Angeles County Superior Court, Case No. MC026581) to the United States District Court for the Central District of California. In accordance with 28 U.S.C. 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1.     On August 29, 2016, plaintiff Gary Sosebee ("Plaintiff") filed a Complaint against Costco in the Superior Court.

2.     On August 30, 2016, Costco was served with the Complaint. (Copies of the Complaint, summons, and civil case cover sheet are attached as Exhibit A to the Declaration of Matthew S. McConnell.)

3.     On September 22, 2016, Costco filed an Answer to the Complaint in the Superior Court. (A copy of the Answer is attached as Exhibit B to the Declaration of Matthew S. McConnell.)

4.     Attached as Exhibit C to the Declaration of Matthew S. McConnell is a list of the Superior Court's file in this matter. The Complaint, civil case cover sheet, and summons are attached as Exhibit A. Costco has not otherwise been served with any other process, pleadings, or orders pursuant to 28 U.S.C. § 1446(a).

-1-

5.    *Timely Filing of Notice.*   Costco has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a timely fashion, in that this Notice has been filed within one year of the commencement of the action and within 30 days of service of the summons and complaint.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

6.    *Diversity Jurisdiction*: This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, and removal is proper under 29 U.S.C. § 1441(a) in that:

a.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is prima facie evidence of his domicile.  See State Farm Mut. Auto Ins. Co. v. Dyer, 29 F.3d 514, 520 (10th Cir. 1994).  Plaintiff is a citizen of the State of California.  The Complaint alleges that Plaintiff "is, and at all times mentioned in this complaint was a resident of Los Angeles County, California." (Complaint, ¶ 1.)

b.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco was, at the time of the filing of this action, and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated.  (Ex. D to McConnell Decl.; McConnell Decl., ¶ 6; Rajski Decl., ¶¶ 4-5; Complaint, ¶ 2.) Costco's corporate headquarters are located in Issaquah, Washington.  Costco's corporate policies and procedures are

-2-

formulated in its executive and administrative headquarters which are located in Issaquah, Washington.  (Rajski Decl., ¶¶ 4-5; Complaint, ¶ 2.)  The "nerve center" of Costco is therefore found in Washington, not California.  See Hertz Corp. v. Friend, 130 S.Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'").

c.   The citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  See 28 U.S.C. § 1441(a).

d.   Although Plaintiff does not pray for a specific dollar amount, the Complaint pleads causes of action for disability discrimination, failure to accommodate a disability, failure to engage in the interactive process, age discrimination, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, wrongful termination in violation of public policy, and unfair competition.  Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. See Jackson v. American Bankers Ins. Co. 976 F.Supp.1450, 1454 (S.D. Ala. 1997) ( "[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and *assuming a jury returns a verdict for the plaintiff on all claims made in the complaint*) (emphases added); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal 2002) (amount

-3-

in controversy is based on assumption that plaintiff prevails on all claims).

e.    Specifically, Plaintiff prays for the following:

(1)    Lost past and future wages (Complaint, ¶¶ 34, 50, 61, 70, 116, Prayer for Relief). Plaintiff's wage rate as of December 4, 2015 (the date Plaintiff alleges he was terminated) was $21.35 per hour. (Rajski Decl., ¶ 3; Complaint, ¶ 17.) This translates into approximately $44,000 dollars per year. Assuming that plaintiff prevailed at trial by December 4, 2017, Plaintiff would potentially be entitled to two years of back wages. In other words, Plaintiff could receive over $88,000 in back pay alone. (See McConnell Dec. at ¶ 8.) See also Parker v. Twentieth Century-Fox Film Corp., 3 Cal.3d 176, 181 (1970) (under FEHA, prevailing plaintiffs are entitled to back pay in the amount they would have received absent the termination).

(2)    Compensation for mental and emotional distress (Complaint, ¶¶ 23, 32, 48, 59, 71, 99, 110, 117, Prayer for Relief). See Cal. Gov't Code § 12970 (emotional distress damages recoverable under FEHA).

(3)    Punitive damages (Complaint, ¶¶ 49, 60, 72, 88, 100, 111, 119, Prayer for Relief). See Weeks v. Baker & McKenzie, 63 Cal.App.4th 1128, 1147-1148 (1998) (punitive

-4-

damages recoverable under FEHA actions); <u>Anthony v. Security Pac. Fin'l Services, Inc.</u>, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

(4)    Attorneys' fees (Complaint, ¶¶ 34, 50, 61, 73, 120, Prayer for Relief). <u>See</u> Cal. Gov't Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions); <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculus).

f.    The undersigned counsel has defended numerous claims for alleged discrimination against corporate employers, including claims alleging discrimination, wrongful termination, failure to accommodate, and defamation. (<u>See</u> McConnell Dec. at ¶ 9) Based on that experience, discovery and settlement discussions consistently reveal that a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff seeks to recover attorneys' fees. (<u>See</u> McConnell Dec. at ¶ 9.)

g.    Based on both Plaintiff's demanded relief in the Complaint and the undersigned counsel's previous experience, Costco is informed and believes that the amount in controversy easily exceeds $75,000. (<u>See</u> McConnell Dec. at ¶ 9.) <u>See</u> <u>White v. FCI USA, Inc.</u>, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the

-5-

plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000").

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, Antelope Valley Courthouse in the State-Court Action.

In addition, Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings, as reflected in the concurrently filed Proof of Service.

## PRAYER FOR REMOVAL

WHEREFORE, Costco prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED: September 23, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/ Matthew S. McConnell
        TARA WILCOX
        MATTHEW S. MCCONNELL
        Attorneys for Defendant
        COSTCO WHOLESALE CORPORATION

-6-

SMRH:479163782.1                    NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT